UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

RECEIPT # _____ 51696
A_____T $ __150.00
_____ S ISS. _10
___ RULE 4.1 _____
___ CF CERV. _____
___ ESUED _____
___ OR 121 _____
____ TY CLK _____
DATE 11-14-03

CIVIL ACTION

LAMINE ZEROUAL
Pro se litigant
**Plaintiff**

Vs.

JOHN ASCHROFT
Attorney General of
The United States
950 Pennsylvania Avenue, NW
Washington, DC 20530


And, TOM RIDGE
Secretary of the Department of
Of Homeland Security
U.S.Department of Homeland Security
Washington, D.C. 20528

And, EDUARDO AGUIRRE
Director of the United states
Citizenship And Immigration
Services
U.S.Department of Homeland Security
Washington, D.C. 20528

And, STEVEN J FARQUHARSON
Director Of the United states
Citizenship And Immigration
Services for The Boston District
JFK Federal Building
District Director, Room 1700
Boston, MA 02203

**Defendants**

03:-12246 GAO

Referred toCMJM.Bauler

## COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS

**COME NOW** LAMINE ZEROUAL, Pro se litigant
Plaintiff for cause of action would show unto the Court the following:    3

## NATURE OF THE ACTION

1. This action is brought against the Defendants to compel action
On an application for naturalization properly filed by the Plaintiff.
The application was filed and approved and still remains within the
jurisdiction of the Defendants, who have improperly withheld action on
said application to the Plaintiff's detriment.
This is a civil action for declaratory and mandatory relief, authorized
by the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the
Administrative Procedure Act, .et seq.

## THE PARTIES

2. **Plaintiff** LAMINE ZEROUAL is a 30 year old permanent resident of the
United States of America. He lives in Acton, county of Middlesex, state
of Massachusetts he is filing this action as a PRO SE LITIGANT.

3. **Defendant** JOHN ASCHROFT is the Attorney General of the United
States, He is generally charged with enforcement of the Immigration and
Nationality Act (INA) this action is brought against him in his
official capacity.

4. **Defendant** TOM RIDGE is the Secretary of the Department of Homeland
Security and on March 1, 2003, the responsibility for providing
immigration-related services and benefits such as naturalization and
work authorization were transferred from the Immigration and
Naturalization Service (INS) to the United States Citizenship and
Immigration Services (USCIS) which is part of the Department of
Homeland Security (DHS) this action is brought against him in his
official capacity.

5. **Defendant** EDUARDO AGUIRRE is the Director of the United States
Citizenship and Immigration Services (USCIS) this action is brought
against him in his official capacity.

6. **Defendant** STEVEN J FARQUHARSON is an official of the Citizenship and
Immigration Services (USCIS) for the district of Boston he is charged
with supervisory authority over all operations of the USCIS within his
District, this action is brought against him in his official capacity.

## JURISDICTION

7.   This Court has jurisdiction over the present action pursuant to 28
U.S.C. Section 1331, Federal Question Jurisdiction (this action being
one that arises under the Constitution and the laws of the United
States, specifically I.N.A. Section 245, et seq. [8 U.S.C. Section
1255, et seq.]), 5 U.S.C. Section 555, et seq., and the Fifth Amendment
to the U.S. Constitution; 28 U.S.C. Section 2201, the Declaratory
Judgment Act; 5 U.S.C. Section 702, the Administrative Procedures Act;
28 U.S.C. Section 1361, regarding an action to compel an officer of the
United States to perform his duty; and 8 U.S.C. Section 1329, the
Immigration and Nationality Act providing for jurisdiction of this
Court over actions arising under said Act.

**VENUE**

8.  Venue is proper in this court, pursuant to 28 USC § 1391(e), In that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

**EXHAUSTION OF REMEDIES**

9. The plaintiff has exhausted his administrative remedies. The plaintiff has made numerous status inquiries in an attempt to secure adjudication of his application by calling or going in person to the adjudication division of the Unites States Citizenship and Immigration Services (USCIS) in Boston to no avail.

The plaintiff has written to Congressman Martin Meehan and to Senator Kerry and Senator Kennedy to no avail.

**CAUSE OF ACTION**

10.  The plaintiff filed an N-400 application for naturalization in November 2001 by mailing it to the Vermont service center.

11. The N-400 applications was received November 21, 2001 at the Vermont Service Center. It was processed then forwarded to the Boston District Bureau of Citizenship and Immigration Services.

12. The plaintiff had his fingerprints taken on March 22, 2002 at the Boston Application Support Center for the Bureau of Citizenship And Immigration Services.

13. The plaintiff was scheduled for an interview on May 14, 2002 with an adjudicator officer for the Boston Bureau of Citizenship and Immigration Services.

14. On May 14, 2002 the plaintiff met with Cheridian Abdelkader, Adjudicator Officer for the United States Citizenship and Immigration Services.

15. The plaintiff passed the history test and the test showing the ability to read, write and speak English. He showed good moral character and attachment to the principles of the U.S. Constitution, and favorable disposition toward the United States.

16. The plaintiff was recommended for naturalization by Cheridian Abdelkader and was told that a final decision would be made by a supervisor Adjudicator and then an oath ceremony notice would be issued and mailed.

17. On November 29, 2002, the plaintiff received by mail the N-445 Oath ceremony notice to be held in Boston at Faneuil Hall on December 5, 2002

18. On December 4, 2002 the day before the naturalization ceremony, the plaintiff received a call from someone who stated that he worked at the examination section of the United States Citizenship and Immigration Services in Boston and informed the plaintiff that he was disinvited from the oath ceremony without giving any specific reason and informed the plaintiff that he would be informed in the near future about attending a new naturalization oath ceremony.

19. On December 5, 2002 the plaintiff went to the oath ceremony and then spoke with an immigration officer who took his n-445 Oath ceremony notice and informed him that he would be re-scheduled for another ceremony in the near future.

20. between January 2003 and September 2003 plaintiff called numerous times the Boston district adjudication division for the Unites States Citizenship and Immigration Services (USCIS) to inquire about the status of his applications and was told that his application was pending because of a so called "name check" needed to be conducted by the FBI.

21. Plaintiff sent a privacy act request fax to the FBI asking for the status of his name check.

22. on October 22, 2003 the FBI responded via fax and informed the plaintiff that a name check was completed and results were submitted to the USCIS headquarters

23. Plaintiff made a privacy act request with the FBI to obtain result of the "name check" and received an official letter from the FBI dated October 31, 2003 and informing him that name check did not produce any record meaning that the plaintiff was never the subject of any interest or investigation from the FBI.

24. Plaintiff contacted the Boston district adjucation division for the Unites States Citizenship and Immigration Services (USCIS) and informed them that he received confirmation from the FBI that name check was processed and clear, but the USCIS still will not allow plaintiff to become naturalized because they claim they have not received any confirmation on their computer system that said name check was completed

25. Plaintiff went in person to the Boston district adjucation division for the Unites States Citizenship and Immigration Services (USCIS) and gave photocopies of the official letter he received from the FBI.

26. The plaintiff applications for Naturalization has now remained unadjudicated for over two years.

27.  The defendant has sufficient information to determine the plaintiff's eligibility pursuant to applicable requirements.
To date, said application has not been adjudicated with a final hearing oath ceremony.

28.  The defendants' refusal to act in this case is, as a matter of Law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to,

Adjudicate the plaintiff's application for over two years, thereby
depriving him of the right to a decision on his status and the
Peace of mind to which the plaintiff is entitled.

29.  The plaintiff has been greatly damaged by the failure of
the defendants to act in accordance with their duties under the law.

30. The defendants are in violation of the Administrative Procedures
Act, 5 U.S.C. § 701 et seq., are unlawfully withholding or
unreasonably delaying action on the plaintiff's application and have
failed to carry out the adjudicative functions delegated to them
by law with regard to the plaintiff's case.


31. All legal prerequisites having been satisfied by the plaintiff
with the defendant. At the time of said filing, such applications were
being adjudicated by the Defendant District Director in a period of
between six and twelve months.


**PRAYER FOR RELIEF**


32.  **WHEREFORE,** in view of the arguments and authority noted
Herein, the plaintiff respectfully asks that the defendants be cited
to appear herein and that, upon due consideration, the Court
Enters an order:

(a) Assume jurisdiction of this cause;

(a) Require the defendants to adjudicate the plaintiff application for
naturalization.

(b) Compel Defendants and those acting under them to perform their duty
to act upon the Applications for Naturalization.

(b) Requiring the defendants to schedule the plaintiff for a
naturalization oath ceremony.

(c) Granting such other relief at law and in equity as justice may
require.

(a) That Plaintiff be awarded allowed costs and expenses under the
Equal Access to Justice Act.

(d) Granting such other and further relief as this Court deems proper
under the circumstances.

Respectfully submitted,


LAMINE ZEROUAL
PRO SE LITIGANT
428 Great Road
Acton MA 01720
(978) 635-5495

## ATTACHED EXHIBITS:

**Exhibit#1**    naturalization interview result dated May 15, 2002

**Exhibit#2**    N 400 Application for naturalization Dated November 21, 2002 and approved on October 29, 2002

**Exhibit#3**    Oath Ceremony De-scheduled Notice Dated December 4, 2002

**Exhibit#4**    N-400 clerical processing worksheet

**Exhibit#5**    certificate preparation sheet and oath Declaration

**Exhibit#6**    letter from Senator John Kerry dated May 8, 2003

**Exhibit#7**    official fax from the FBI dated October 22, 2003

Stating that name check was completed

**Exhibit#8**    official FBI letter dated October 31, 2003