UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAMINE ZEROUAL
Pro se litigant
                      *Plaintif.*

V.                              C.A. No. 03-12246-GAO

JOHN ASCHROFT, et. Al.,

                      Defendants.

**PLAINTIFF OPPOSITION MOTION TO DEFENDANT'S MOTION TO EXTEND TIME IN WHICH TO RESPOND TO PLAINTIFF'S WRIT OF MANDAMUS**

**COME NOW** LAMINE ZEROUAL, Pro se litigant hereby request this honorable court to deny the defendants motion to extend for time In reference to the above-entitled matter, as ground for this motion the plaintiff submit as follow:

1) The Defendant JOHN ASCHROFT, the Attorney General of the United States, was served with the complaint on December 22, 2003.

2) The Defendant TOM RIDGE, the Secretary of the Department of Homeland Security was served with the complaint on December 24, 2003.

3) The Defendant EDUARDO AGUIRRE, the Director of the United States Citizenship and Immigration Services (USCIS) was served with the complaint on December 29, 2003.

4) The Defendant STEVEN J FARQUHARSON or his/her replacement The Boston District Director for Citizenship and Immigration Services Was served with the complaint on December 17, 2003.

5) The US Attorney office had adequate time to gather relevant information and presented no reasonable excuse sufficient to conclude that they have good cause for failing to respond timely to the Amended Complaint.

a) The case file and computer records are in control, direction and possession of the department of Homeland Security

b) In this particular case the United States Citizenship and Immigration Services has all the relevant information regarding the application for naturalization.

6) Facts have been laid out in the complaint and the defendants were served the complaint.

7) The application for naturalization itself has been pending for more than 2 years The defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., are unlawfully withholding or

Unreasonably delaying action on the plaintiff's application and have
Failed to carry out the adjudicative functions delegated to them
By law with regard to the plaintiff's case.

8) Giving the defendants a motion to extend time would not serve the cause of justice.

9) The United States Citizenship and Immigration Services have been working on this case for more than 2 years and all records are in possession and control of them.

10) Under 8 U.S.C. §1447(b) and 8 CFR §335.3, If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.
A decision to grant or deny the application shall be made at
The time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under Sec. 335.2. The applicant shall be notified that the application has Been granted or denied and, if the application has been granted, of the Procedures to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter.

11) The plaintiff had an interview conducted for his naturalization application on May 14, 2002 and on October 29, 2002 the N-400 application was approved signed and stamped. At the time of said filing, such applications were being adjudicated by a period of between six and twelve months.

13) The plaintiff has been greatly damaged by the failure of
The defendants to act in accordance with their duties under the law. Such delay would further deprive the plaintiff of the substantial and unique benefits of citizenship:

a) Including protection of the laws of the United States equal to that granted to citizens

b) Political rights, including the right to vote

c) The right to enter and remain in the United States

d) Freedom of movement and travel

e) Right to obtain a United States passport

f) The protection of the United States Government when outside the US.

14) The defendants failed to give specific reason and facts as to why they would need a motion to extend time in which to respond to Plaintiff's Writ of Mandamus.

15) Defendant's motion is prima facie frivolous

**WHEREFORE**

Plaintiff respectfully requests that this court enter an order:

To deny granting the defendants motion to extend time.

Respectfully submitted,

LAMINE ZEROUAL
PRO SE LITIGANT

BY: LAMINE ZEROUAL
428 Great Road
Acton MA 01720
(978) 635-5495

Dated:

### Certificate of service

I certify that on February 23, 2004 I caused a copy of the forgoing motion to be served by certified first class mail, postage pre-paid to Michael P Saddy, Assistant US attorney John Joseph Moakley US Court House suite 9200, Boston MA 02210.

LAMINE ZEROUAL
PRO SE LITIGANT

### Certification under L.R 7.1

Pursuant to local rule 7.1 (a) (2), the parties have conferred and attempted in good faith to resolve or narrow the issue of this motion, but have not come to a mutual agreement.

LAMINE ZEROUAL
PRO SE LITIGANT